UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PAMELA S. SMALL,

                              **DECISION AND ORDER**

                Plaintiff,

v.                                  12-CV-01236-WMS-JJM

THE STATE OF NEW YORK,
  et al.,

                Defendants.
_____

        Before me is the motion of defendant Carl Cuer ("Cuer") for an order compelling his attendance at future depositions [56],[1] and plaintiff's cross-motion to preclude him from videotaping her deposition [59]. Familiarity with the relevant facts is presumed, and will be discussed only as necessary for resolution of these motions.

        For the following reasons, Cuer's motion (which I interpret as requesting that he be allowed, rather than compelled, to attend future depositions in person) is granted, and plaintiff's cross-motion is denied.

**ANALYSIS**

**A.**    **Cuer's Attendance at Depositions**

        Although the parties previously agreed that Cuer would be in a separate room during the deposition of defendant James Conway, they "reserve[d] the right to seek appropriate relief concerning Cuer's attendance at future depositions" [51]. Plaintiff argues that allowing Cuer's attendance at future depositions would cause her "extreme distress and undue burden, and

---

      [1]      Bracketed references are to CM/ECF docket entries.

it would involve [an] almost certain likelihood that Plaintiff's extremely fragile psychological state would further deteriorate if she has to face Defendant Cuer". Shoemaker Affidavit [59-1], ¶33.

"The grant and nature of protection is singularly within the discretion of the district court." Galella v. Onassis, 487 F.2d 986, 997 (2d Cir.1973). While "the court has the power to exclude even a party [from a deposition] . . . such an exclusion should be ordered rarely indeed." Id. "That standard is fully consistent with the notion that a party's right to attend a deposition has a constitutional dimension and is therefore entitled to special protection." Hines v. Wilkinson, 163 F.R.D. 262, 266 (S.D. Ohio 1995).

Unlike Galella, in which the court excluded the *plaintiff* from the defendant's deposition, here it is the plaintiff - who chose to name Cuer as a defendant - seeking to exclude him from depositions. I recognize that plaintiff claims to be in fear of Cuer; however, I note that none of the alleged incidents appear to be of very recent vintage. While plaintiff certainly has the right to seek recourse from Cuer in this action, he likewise has the right to participate meaningfully in his defense, including by observing depositions and consulting with his attorney as they proceed. If this makes plaintiff uncomfortable, then "[t]he obvious solution . . . is for her to absent herself, for her to listen from an adjoining office". Nelson Reply Affidavit [61], ¶14.

"[T]he courts may exclude a party from a deposition only in extraordinary circumstances." Hines, 163 F.R.D. at 266. These are not such circumstances. Therefore, plaintiff may not prevent defendant Cuer from attending future depositions in person. However, should he engage in threatening or harassing conduct toward plaintiff in the future (during depositions or otherwise), I may reconsider this determination.

**B.     Videotaping Plaintiff's Deposition**

Defendant Cuer has served a notice to take plaintiff's deposition by videotape ([59-1], p. 32 of 35). In cross-moving for a protective order to prevent the videotaping, plaintiff argues that "[t]here is no compelling need to videotape Plaintiff's deposition, and it is clearly a tactic to continue Defendant Cuer's harassment and stalking of Plaintiff". Shoemaker Affidavit [59-1], ¶37. However, Cuer "has no burden to justify the decision to videotape the deposition". Convolve, Inc. v. Compaq Computer Corp., 223 F.R.D. 162, 182 (S.D.N.Y. 2004). *See* Fed. R. Civ. P. ("Rule") 30(b)(3)(A) ("Unless the court orders otherwise, testimony may be recorded by audio, audio-visual, or stenographic means").

Nor do I accept plaintiff's assertion that the videotaping of her deposition is merely intended to harass her. "The liberalization of the Federal Rules of Civil Procedure to more fully permit videotape recording of depositions reflects a belief that the use of such technology enhances parties' presentation at trial, particularly before juries, of deposition testimony which historically was limited in form to readings from cold, printed records." Convolve, 223 F.R.D. at 182. "A video deposition, unlike a typed transcript, allows a trial jury to consider the demeanor of a witness while testifying . . . . [I]t is a superior method of conveying to the fact finder the full message of the witness in a manner that assists the fact finder in assessing credibility." Riley v. Murdock, 156 F.R.D. 130, 131 (E.D.N.C. 1994).[2]

Therefore, defendant Cuer may videotape plaintiff's deposition.

---

[2]     Whether the videotape will be admissible at trial is not presently at issue.

**CONCLUSION**

For these reasons, defendant Cuer's motion [56] is granted, and plaintiff's cross-motion [59] is denied.

**SO ORDERED**.

Dated: March 26, 2015

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge