UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PAMELA S. SMALL,

                              Plaintiff,                    **DECISION AND ORDER**

v.                                                        12-CV-01236-WMS-JJM

THE STATE OF NEW YORK,
   et al.,

                              Defendants.
_____

        Before me is plaintiff's motion of to compel defendants to participate in

mediation [74].[1] For the following reasons, the motion is granted.


                              **BACKGROUND**

        Only the relevant facts will be discussed. This case was referred to mediation in

accordance with §2.1A of this court's Plan for Alternative Dispute Resolution ("ADR Plan"). At

the initial mediation session on October 28, 2014, defendants indicated that they "were not

prepared to mediate at that time because they needed discovery before they would be able to do

so". Shoemaker Affirmation [74], ¶9. Counsel discussed at the time that defense counsel "had no

authority to settle the matter" and that "the parties could attempt mediation again after some

discovery had been conducted". Id., ¶10.

        Now that discovery has occurred, defendants DOCCS, Conway and Dolce refuse

to mediate, arguing that mediation "will be futile because the parties are diametrically apart,

_____
[1]        Bracketed references are to CM/ECF docket entries.

even after extensive discovery, regarding their positions on liability and damages". Benitez Declaration [76], ¶3. Instead, they plan to "pursue motions for summary judgment". Id., ¶4. They also accuse plaintiff of violating the confidentiality provisions of the ADR Plan by disclosing communications which occurred at the initial mediation session in support of her motion to compel. Id., ¶¶6-7. Defendant Cuer states that he "has no objection to mediation per se, but he will not financially contribute any funds towards a possible mediated settlement". Wujcik Affidavit [75], ¶7.

## ANALYSIS

Although §5.10 of the ADR Plan generally provides for confidentiality of mediation proceedings, §2.3(A) allows a party to "report to the assigned Judge any failure to attend an ADR conference, to substantially comply with the ADR Referral Order, or to otherwise participate in the ADR process in good faith". Therefore, plaintiff's motion to compel mediation does not violate §5.10 of the ADR Plan.

"With the heavy caseloads shouldered today by federal and State courts alike, mediation provides a vital alternative to litigation. The benefits of mediation include its cost-effectiveness, speed and adaptability." Fields-D'Arpino v. Restaurant Associates, Inc., 39 F. Supp. 2d 412, 417 (S.D.N.Y. 1999). Experience has shown that even where parties believe that there is no possibility of settlement at the outset of mediation, they may change their minds during the process. Therefore, while the court "cannot force litigants to settle an action, it is well established that a court can require parties to appear for a settlement conference". Bulkmatic

Transport Co. v. Pappas, 2002 WL 975625, *2 (S.D.N.Y. 2002); In re A.T. Reynolds & Sons, Inc., 452 B.R. 374,382 (S.D.N.Y. 2011).[2]

Accordingly, the parties shall participate in at least one additional mediation session before mediator Joseph Saeli, Esq.. The mediator shall decide all details concerning the mediation, including timing, who shall attend, and method of attendance (*i.e.*, personal or telephonic). Pending conclusion of the mediation, all other pretrial deadlines and proceedings (including defendant Cuer's motion [64] to extend the deadlines of the Second Amended Case Management Order) will be held in abeyance.

## CONCLUSION

For the reasons and upon the conditions stated herein, plaintiff's motion to compel mediation [74] is granted.

**SO ORDERED**.

Dated: October 26, 2015

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge

---

[2]     *See* ADR Plan, §5.8(G): "All parties and counsel shall participate in mediation in good faith. Failure to do so shall be sanctionable by the Court."