UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PAMELA S. SMALL,

                Plaintiff,

v.                                          **VERDICT FORM**
                                                12-CV-1236S

THE STATE NEW YORK, et al.,

                Defendants.

We, the Jury, return the following verdict in <u>Pamela S. Small v. The State of New York, et al.</u>, Docket No. 12-CV-1236S.

### VERDICT OF THE JURY

Having been instructed on the law applicable to this case, you are now required to return a <u>unanimous</u> verdict. Follow the directions on this form carefully. Your answers to the questions must be unanimous. Any findings you make must be based on a preponderance of the evidence.

**Proceed to the Next Page**

## First and Second Claims:
## Title VII of the Civil Rights Act of 1964
## Hostile Work Environment/Sexual Harassment and Retaliation

### First Claim
### Hostile Work Environment/Sexual Harassment

### Liability

**Question 1.**  Did Plaintiff Pamela Small prove, by a preponderance of the evidence, that New York State Department of Corrections and Community Supervision (DOCCS) subjected her to a hostile work environment/sexual harassment in violation of Title VII of the Civil Rights Act of 1964?

[X] Yes          [ ] No

If you answered "**Yes**," proceed to **Question 2** on the next page.

If you answered "**No**," proceed to **Question 3** on page 4.  Do <u>not</u> answer **Question 2**.

# First Claim
## Hostile Work Environment/Sexual Harassment

### Affirmative Defense

**Question 2.**  Did Defendant New York State Department of Corrections and Community Supervision (DOCCS) prove, by a preponderance of the evidence, that it exercised reasonable care to prevent and promptly correct any discriminatory behavior directed against Plaintiff Pamela Small and that Plaintiff Pamela Small unreasonably failed to take advantage of preventive or corrective opportunities provided by Defendant New York State Department of Corrections and Community Supervision (DOCCS) or that she otherwise failed to avoid harm?

[ ] Yes          [X] No 

**Proceed to the next page.**

## Second Claim
### Retaliation

### Liability

**Question 3.**  Did Plaintiff Pamela Small prove, by a preponderance of the evidence, that the New York State Department of Corrections and Community Supervision (DOCCS) subjected her to retaliation in violation of Title VII of the Civil Rights Act of 1964?

[X] Yes                    [ ] No

**Proceed to the next page.**

## First and Second Claims:
## Title VII of the Civil Rights Act of 1964
## Hostile Work Environment/Sexual Harassment and Retaliation

### Damages

**Answer Question 4 <u>only</u> if (1) you answered "yes" to Question 1 <u>and</u> "no" to Question 2, <u>or</u> (2) you answered "yes" to Question 3.**

**Question 4.** What amount of compensatory damages, if any, do you find that Plaintiff Pamela Small should be awarded for Defendant New York State Department of Corrections and Community Supervision's (DOCCS) violation of her Title VII rights?

(<u>Note:</u> If you find that Plaintiff Pamela Small has not proven any compensatory damages, you ***must*** enter "$1.00 – Nominal" on the line below.)

$ __2,400,000__

**Proceed to the next page.**

## Third Claim
## 42 U.S.C. § 1983
## Hostile Work Environment
## Defendant Carl Cuer

### Liability

**Question 5.**   Did Plaintiff Pamela Small prove, by a preponderance of the evidence, that Defendant Carl Cuer deprived her of her federally protected right to be free from a hostile work environment, in violation of 42 U.S.C. § 1983?

[X] Yes          [ ] No

If you answered "**Yes**," proceed to **Question 6** on the next page.

If you answered "**No**," proceed to **Question 9** on page 9. Do not answer **Questions 6, 7,** and **8**.

## Affirmative Defense

**Question 6.**    Did Defendant Carl Cuer prove, by a preponderance of the evidence, that he is entitled to qualified immunity because he neither knew nor should have known that his actions deprived Plaintiff Pamela Small of her federally protected right to be free from a hostile work environment?

[ ] Yes               [X] No

If you answered "**Yes**," proceed to **Question 9** on page 9.  Do <u>not</u> answer **Questions 7** and **8**.

If you answered "**No**," proceed to **Question 7** on the next page.

**Proceed to the next page.**

## Damages

**Question 7.**   What amount of compensatory damages, if any, do you find that Plaintiff Pamela Small should be awarded for Defendant Carl Cuer's deprivation of her federally protected right to be free from a hostile work environment?

(<u>Note:</u> If you find that Plaintiff Pamela Small has not proven any compensatory damages, you *must* enter "$1.00 – Nominal" on the line below.)

$ 1,000,000 

**Question 8.**   What amount of punitive damages, if any, do you find that Plaintiff Pamela Small should be awarded for Defendant Carl Cuer's deprivation of her federally protected right to be free from a hostile work environment?

(<u>Note:</u> You <u>must</u> complete the line below. If you find that Plaintiff Pamela Small is not entitled to punitive damages, enter "none". If you find that she is entitled to punitive damages, enter the dollar figure.)

$ 50,000 

**Proceed to the next page.**

## Third Claim
## 42 U.S.C. § 1983
## Hostile Work Environment
## Defendant Sandra Dolce

### Liability

**Question 9.**  Did Plaintiff Pamela Small prove, by a preponderance of the evidence, that Defendant Sandra Dolce deprived her of her federally protected right to be free from a hostile work environment, in violation of 42 U.S.C. § 1983?

[X] Yes                    [ ] No

If you answered "**Yes**," proceed to **Question 10** on the next page.

If you answered "**No**," proceed to **Question 13** on page 12. Do not answer **Questions 10, 11,** and **12**.

## Affirmative Defense

**Question 10.**   Did Defendant Sandra Dolce prove, by a preponderance of the evidence, that she is entitled to qualified immunity because she neither knew nor should have known that her actions deprived Plaintiff Pamela Small of her federally protected right to be free from a hostile work environment?

        [ ] Yes        [X] No 

If you answered "**Yes**," proceed to **Question 13** on page 12.  Do <u>not</u> answer **Questions 11** and **12**.

If you answered "**No**," proceed to **Question 11** on the next page.

**Proceed to the next page.**

## Damages

**Question 11.**  What amount of compensatory damages, if any, do you find that Plaintiff Pamela Small should be awarded for Defendant Sandra Dolce's deprivation of her federally protected right to be free from a hostile work environment?

(<u>Note:</u> If you find that Plaintiff Pamela Small has not proven any compensatory damages, you *must* enter "$1.00 – Nominal" on the line below.)

$ __480,000__

**Question 12.**  What amount of punitive damages, if any, do you find that Plaintiff Pamela Small should be awarded for Defendant Sandra Dolce's deprivation of her federally protected right to be free from a hostile work environment?

(<u>Note:</u> You <u>must</u> complete the line below. If you find that Plaintiff Pamela Small is not entitled to punitive damages, enter "none". If you find that she is entitled to punitive damages, enter the dollar figure.)

$ __NONE__

**Proceed to the next page.**

# Third Claim
## 42 U.S.C. § 1983
## Hostile Work Environment
## Defendant James Conway

### Liability

**Question 13.**  Did Plaintiff Pamela Small prove, by a preponderance of the evidence, that Defendant James Conway deprived her of her federally protected right to be free from a hostile work environment, in violation of 42 U.S.C. § 1983?

[X] Yes          [ ] No

If you answered "**Yes**," proceed to **Question 14** on the next page.

If you answered "**No**," proceed to **Question 17** on page 15. Do <u>not</u> answer **Questions 14, 15, and 16**.

## Affirmative Defense

**Question 14.**	Did Defendant James Conway prove, by a preponderance of the evidence, that he is entitled to qualified immunity because he neither knew nor should have known that his actions deprived Plaintiff Pamela Small of her federally protected right to be free from a hostile work environment?

[ ] Yes		 No

If you answered "**Yes**," proceed to **Question 17** on page 15. Do <u>not</u> answer **Questions 15** and **16**.

If you answered "**No**," proceed to **Question 15** on the next page.

**Proceed to the next page.**

## Damages

**Question 15.**   What amount of compensatory damages, if any, do you find that Plaintiff Pamela Small should be awarded for Defendant James Conway's deprivation of her federally protected right to be free from a hostile work environment?

(Note: If you find that Plaintiff Pamela Small has not proven any compensatory damages, you *must* enter "$1.00 – Nominal" on the line below.)

$ 240,000

**Question 16.**   What amount of punitive damages, if any, do you find that Plaintiff Pamela Small should be awarded for Defendant James Conway's deprivation of her federally protected right to be free from a hostile work environment?

(Note: You must complete the line below. If you find that Plaintiff Pamela Small is not entitled to punitive damages, enter "none". If you find that she is entitled to punitive damages, enter the dollar figure.)

$ NONE

**Proceed to the next page.**

# Fourth Claim
## New York Human Rights Law § 296 (6)
### Aiding and Abetting Unlawful Discrimination and Hostile Work Environment
### Defendant Carl Cuer

Answer Question 17 <u>only</u> if you answered "yes" to Question 1 or Question 3.

If you did <u>not</u> answer "yes" to either Question 1 or Question 3, proceed to page 17 and do not answer Questions 17, 18 and 19.

### Liability

**Question 17.** Did Plaintiff Pamela Small prove, by a preponderance of the evidence, that Defendant Carl Cuer aided and abetted unlawful discrimination and hostile work environment, in violation of the New York Human Rights Law § 296 (6)?

[X] Yes          [ ] No

If you answered "**Yes**," proceed to **Question 18** on the next page.

If you answered "**No**," proceed to page 17. Do <u>not</u> answer **Question 18**.

## Damages

**Question 18.** What amount of compensatory damages, if any, do you find that Plaintiff Pamela Small should be awarded for Defendant Carl Cuer's aiding and abetting unlawful discrimination and hostile work environment, in violation of the New York Human Rights Law § 296 (6)?

(Note: If you find that Plaintiff Pamela Small has not proven any compensatory damages, you *must* enter "$1.00 – Nominal" on the line below.)

$ 680,000

**Question 19.** What amount of lost pay, if any, do you find that Plaintiff Pamela Small should be awarded for Defendant Carl Cuer's aiding and abetting unlawful discrimination and hostile work environment, in violation of the New York Human Rights Law § 296 (6)?

Loss of Back Pay     $ 370,000

Loss of Front Pay     $ 1,800,000

**Proceed to the next page.**

<u>Stop</u>. This is the end of the verdict form. The foreperson must sign below and notify the Court, in writing, that the jury has reached a verdict.

. . .

**I certify the above verdict to be true and accurate.**

Dated:       September 27, 2018
             Buffalo, NY

<u>REDACTED</u>
JURY FOREPERSON

<u>[PLEASE REMEMBER THAT YOUR VERDICT MUST BE UNANIMOUS.]</u>

Now that you have completed the verdict sheet, place it in the envelope provided and seal the envelope. Inform the Court by a written note that you have reached a verdict. Do not disclose the verdict to the Court or anyone else until you are asked to do so by the Judge in open Court.