UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PAMELA S. SMALL,

        Plaintiff,

v.

**DECISION AND ORDER**
12-CV-1236S

NEW YORK STATE DEPARTMENT OF
CORRECTIONS AND COMMUNITY SUPERVISION,
CARL CUER, JAMES CONWAY, and SANDRA DOLCE,

        Defendants.

On April 15, 2019, this Court resolved the parties' post-trial motions that followed a federal jury's determination that Defendants subjected Plaintiff Pamela S. Small to discrimination and a hostile work environment and unlawfully retaliated against her while she was employed as a civilian teacher at the Attica Correctional Facility ("Attica"). See Small v. New York State Dep't of Corr. & Cmty. Supervision, 12-CV-1236S, 2019 WL 1593923 (W.D.N.Y. Apr. 15, 2019). Familiarity with that decision is assumed.

As relevant here, because Small is a prevailing party, this Court awarded her $862,395.30 in attorneys' fees and $100,448.72 in costs through September 28, 2018, together with post-judgment interest. See id. at *15-22; see also 42 U.S.C. § 1988 (b) (permitting recovery of attorneys' fees in actions brought under 42 U.S.C. § 1983); 42 U.S.C. § 2000e-5 (k) (permitting recovery of attorneys' fees in Title VII actions); 28 U.S.C. § 1961 (a) (permitting post-judgment interest on money judgments).

Now before this Court is Small's supplemental motion for attorneys' fees and costs through April 22, 2019, which covers the post-trial period. (Docket No. 221.) Small seeks

1

$60,975 in supplemental attorneys' fees and $3,026.14[1] in supplemental costs (including legal research). (See Affirmation of Jennifer A. Shoemaker, Esq. ("Shoemaker Aff."), Docket No. 221, Exhibits A and B; Reply Affirmation of Jennifer A. Shoemaker, Esq. ("Shoemaker Reply Aff."), Docket No. 227, ¶ 3). For the reasons that follow, Small's motion is granted, but not to the full extent requested.

As indicated, this Court has already found that Small is a prevailing party entitled to recover fees and costs. See Small, 2019 WL 1593923, at *16. This Court further found that a reasonable hourly rate in this case for lead counsel Jennifer Shoemaker is $295/hour, for associate Alina Nadir is $250/hour, and for paralegal Janice Hance is $100/hour. See id. at *16-17. Applying those rates to Small's supplemental application reduces it from $60,975 to $56,464.50.

Turning then to the reasonableness of the time expended, Shoemaker claims 42.1 hours, Nadir claims 167.1 hours, and Hance claims 22.7 hours. Other than generally stating that the time these professionals billed on this case was inflated, excessive, redundant, unnecessary, and vague Defendants do not specifically challenge the hours expended or provide examples of billing that is excessive or redundant, for example. The only specific objection Defendants make is that time billed for dealing with the media is unnecessary, but they offer no reason why the modest time billed for such work does not fall within the parameters of Small's representation. On its own, however, this Court has identified one entry that was awarded in the previous decision: Hance's four hours billed

---

[1] This is a corrected amount. Small initially sought costs well in excess of $3,026.14 by mistakenly including costs that this Court awarded in its prior decision. (See Shoemaker Reply Aff., ¶ 3.)

for work done on September 28, 2018. (Compare Docket No. 221, p. 9 with Docket No. 201-2, p. 161.) This time will therefore be deducted, leaving Shoemaker with 42.1 hours, Nadir with 167.1 hours, and Hance with 18.7 hours, resulting in a total request of $56,064.50.

Small's request, nonetheless, suffers from the same problems associated with block-billing that this Court identified in Small's previous application: vague entries that make the overall reasonableness of the listed tasks difficult to discern. See Small, 2019 WL 1593923, at *20. This Court will therefore apply the same 10% across-the-board reduction. Id.; see also Aiello v. Town of Brookhaven, No. 94 Civ. 2622, 2005 WL 1397202, at *3 (E.D.N.Y. June 13, 2005) (ordering 10% reduction for difficulties arising from block-billing); Sea Spray Holdings, Ltd. v. Pali Fin. Grp., Inc., 277 F. Supp. 2d 323, 326 (S.D.N.Y. 2003) (ordering 15% reduction).

Accordingly, Small's final approved attorneys' fee award is $50,458.05 as follows:

| Name | Position | Hourly Rate | Hours Billed | Total |
|---|---|---|---|---|
| Shoemaker | Partner | $295 | 42.1 | $12,419.50 |
| Nadir | Associate | $250 | 167.1 | $41,775 |
| Hance | Paralegal | $100 | 18.7 | $1,870 |
| | | | Billed Fees | **$56,064.50** |
| | | | 10% reduction | **($5,606.45)** |
| | | | Approved Fees | **$50,458.05** |

In addition to these supplemental attorneys' fees, Small seeks $3,026.14 in supplemental costs (including legal research). These costs are sufficiently substantiated in Small's supplemental application and Defendants do not meaningfully challenge them. (<u>See</u> Shoemaker Aff., Exhibit B; Shoemaker Reply Aff., ¶ 3). The supplemental costs are therefore approved and awarded.

IT HEREBY IS ORDERED, that Plaintiff's Supplemental Motion for Attorneys' Fees and Costs (Docket No. 221) is GRANTED, consistent with this Decision and Order. Defendants must pay Plaintiff an additional $50,458.05 in attorneys' fees and an additional $3,026.14 in costs.

FURTHER, that the Clerk of Court will be directed to file an amended judgment by separate order.

SO ORDERED.

Dated: May 29, 2019
       Buffalo, New York

                              <u>/s/William M. Skretny</u>
                              WILLIAM M. SKRETNY
                              United States District Judge