UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――

PAMELA S. SMALL,

          Plaintiff,

     v.                                 **DECISION AND ORDER**
                                            12-CV-1236S

NEW YORK STATE DEPARTMENT OF
CORRECTIONS AND COMMUNITY SUPERVISION,
CARL CUER, JAMES CONWAY, and SANDRA DOLCE,

          Defendants.
―――――――――――――――――――――――――

        On April 15, 2019, this Court resolved the parties' post-trial motions that followed a federal jury's determination that Defendants subjected Plaintiff Pamela S. Small to discrimination and a hostile work environment and unlawfully retaliated against her while she was employed as a civilian teacher at the Attica Correctional Facility. See Small v. New York State Dep't of Corr. & Cmty. Supervision, 12-CV-1236S, 2019 WL 1593923 (W.D.N.Y. Apr. 15, 2019). On May 7, 2020, the United States Court of Appeals for the Second Circuit affirmed. See Small v. Cuer, 812 F. App'x 45 (2d Cir. 2020). Familiarity with these decisions is assumed.

        As relevant here, because Small is a prevailing party, this Court awarded her $862,395.30 in attorneys' fees and $100,448.72 in costs through September 28, 2018, together with post-judgment interest. See Small, 2019 WL 1593923 at *15-22; see also 42 U.S.C. § 1988 (b) (permitting recovery of attorneys' fees in actions brought under 42 U.S.C. § 1983); 42 U.S.C. § 2000e-5 (k) (permitting recovery of attorneys' fees in Title VII actions); 28 U.S.C. § 1961 (a) (permitting post-judgment interest on money judgments).

1

This Court thereafter awarded Small additional supplemental attorneys' fees and costs of $50,458.05 and $3,026.14, respectively, through April 22, 2019.  See Small v. New York State Dep't of Corr. & Cmty. Supervision, 12-CV-1236S, 2019 WL 2281224 (W.D.N.Y. May 29, 2019).  Thus, to date, this Court has awarded Small $912,853.35 in attorneys' fees and $103,474.86 in costs.

Now before this Court is Small's second supplemental motion for attorneys' fees and costs through May 21, 2020, which covers the appeal proceedings before the Second Circuit and Small's efforts to collect her judgment from the State Defendants.  (Docket No. 249.)  Small seeks $126,878.50 in supplemental attorneys' fees and $5,126.63[1] in supplemental costs (including legal research).  See Affirmation of Jennifer A. Shoemaker, Esq. ("Shoemaker Aff."), Docket No. 249-1, ¶¶ 14 (and Exhibit B), 27 (and Exhibit C).  For the reasons that follow, Small's motion is granted in part and denied in part as to the State Defendants and granted as to Defendant Cuer.

After this Court resolved the post-trial motions, each defendant appealed.  The State Defendants—DOCCS, Conway, and Dolce—withdrew their appeal one week before their brief was due.  See Docket No. 248; Shoemaker Aff., ¶ 5.  Defendant Cuer pursued his appeal, which, as noted above, was denied in all respects.  See Small, 812 F. App'x at 49.

As it relates to the State Defendants, the Second Circuit has already determined that Small is not entitled to supplemental attorneys' fees and costs related to the appeal.

---

[1] Small initially sought $5,461.10 in costs, but since the filing of her motion, the Second Circuit taxed $334.47 in costs in her favor.  (Docket No. 254.)  This Court has therefore applied a deduction.  (See Shoemaker Aff., ¶ 23 n.1.)

In assessing the State Defendants' motion to withdraw their appeal, the Second Circuit considered Small's request for an award of attorneys' fees and costs if the motion were to be granted, but denied that request when it granted the State Defendants' motion to withdraw and ordered that their appeal be dismissed "without payment of fees or costs." (Docket No. 248.)  While Small argues that the Second Circuit's order was limited to denying her request to condition withdrawal on payment of attorneys' fees and costs (as opposed to denying fees and costs outright), the Mandate does not bear this out.  The Second Circuit quite clearly denied Small's request for attorneys' fees and costs when it dismissed the appeal "without payment of fees or costs."  Id.  The Second Circuit having denied Small's request, this Court lacks any authority to entertain or revisit it here.

But the Second Circuit did not determine Small's request for attorneys' fees and costs associated with her efforts to enforce the judgment against the State Defendants. And the State Defendants offer no opposition to Small's request in this regard. Accordingly, Small's request for attorneys' fees and costs related to her efforts to enforce the judgment against the State Defendants will be granted.  See, e.g., Diaz v. Paragon Motors of Woodside, Inc., No. 03-CV-6466, 2008 WL 2004001, at *7 (E.D.N.Y. May 7, 2008) ("it is well settled that a [party] may recover fees in connection with enforcement of a judgment").

As it relates to Defendant Cuer, the Second Circuit's decision denying his appeal is silent as to attorneys' fees and costs, and he has filed nothing in response to Small's motion.  Consequently, in the absence of any opposition, this Court will grant Small's

3

request for supplemental attorneys' fees and costs incurred defending against Defendant Cuer's appeal.

This Court turns now to the reasonableness of Small's requests.  Having found Small entitled to a more limited supplemental award than requested, this Court will require a further filing narrowed to the attorneys' fees and costs Small incurred in (1) enforcing her judgment against the State Defendants and (2) defending Defendant Cuer's appeal. As the record currently stands, this Court cannot accurately assess the reasonableness of Small's request because many time entries and cost requests are block-billed to include both recoverable and unrecoverable tasks.  See Shoemaker Aff., Exhibits B and C.

For example, there is a June 3, 2019 entry for "Review defendants' filings in Second Circuit proceeding; conference . . . re: same."  Id.  This Court is unable to differentiate between time spent reviewing the State Defendants' filings, which is unrecoverable, and time spent reviewing Defendant Cuer's filings, which is recoverable. And there are multiple entries like this.  See, e.g., id. (June 14, 2019 entry "Review defendants' 6/12/19 filings . . .) (June 14, 2019 entry "Confer . . . regarding issues related to record on appeal and State's transcript order") (September 3, 2019 entry "Conference regarding transcript and appeal") (October 17, 2019 entry (combining work attributable to State Defendants and Defendant Cuer)).

The same holds true with time expended to enforce the judgment against the State Defendants.  For example, a November 19, 2019 entry claims 5.8 hours for "Draft Plaintiff's Second Circuit appellee brief; conduct legal research related to brief; email

4

to/from R. Benitez re: partial payment of jury verdict to be made; conference with J. Shoemaker re: same." Id.  This Court cannot determine what portion of the 5.8 hours is attributable to enforcing the judgment.  There are also entries unrelated to enforcing the judgment, such as social security planning, obtaining a financial advisor, exploring tax implications, and the like.

Finally, Small's cost entries suffer from the same flaw.  Blanket entries for "computer research," for example, leave this Court unable to determine whether such research was related to a recoverable or unrecoverable task.  See Shoemaker Aff., Exhibit C.

Accordingly, this Court finds that the further submission described above is required to accurately assess the reasonableness of Small's supplemental request.  With Defendants having failed to oppose the award of attorneys' fees and costs granted herein, the only remaining issue is reasonableness, which can be determined only after Small files her further submission.  The parties must adhere to the briefing schedule set forth below.

IT HEREBY IS ORDERED, that Plaintiff's Supplemental Motion for Attorneys' Fees and Costs (Docket No. 249) is GRANTED in part and DENIED in part, consistent with this Decision and Order.

FURTHER, that Plaintiff must file the further submission required herein within 21 days of the entry date of this Decision and Order.

FURTHER, that Defendants must file their responses to Plaintiff's submission within 35 days of the entry date of this Decision and Order

FURTHER, that Plaintiff may file any reply within 42 days of the entry date of this Decision and Order.

FURTHER, that this Court will take the matter under advisement without oral argument at the conclusion of the briefing schedule.

SO ORDERED.


Dated: March 15, 2021
       Buffalo, New York

                                            <u>s/William M. Skretny</u>
                                            WILLIAM M. SKRETNY
                                            United States District Judge