UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PAMELA S. SMALL,

        Plaintiff,

                                    **DECISION AND ORDER**
v.                                         12-CV-1236S

NEW YORK STATE DEPARTMENT OF
CORRECTIONS AND COMMUNITY SUPERVISION,
CARL CUER, JAMES CONWAY, and SANDRA DOLCE,

        Defendants.

On March 15, 2021, this Court granted Plaintiff Pamela S. Small's second supplemental motion for attorneys' fees and costs from April 23, 2019, through May 21, 2020, but found that supplemental submissions were necessary to determine the reasonableness of the request. See Small v. N.Y. State Dep't of Corr. & Cmty. Supervision, 12-CV-1236, 2021 WL 1723679 (W.D.N.Y. Mar. 15, 2021). Now before this Court is Small's supplemental submission, to which Defendants have not responded, despite being afforded the opportunity to do so. (Docket Nos. 255, 257, 259, 260.) For the reasons below, this Court grants $16,852.50 in attorneys' fees and $100.19 in costs against the State Defendants, and $87,151 in attorneys' fees and $5,360.91 in costs against Defendant Cuer.

As explained in this Court's previous decision, familiarity with which is assumed, Small is entitled to attorneys' fees and costs associated with her efforts to enforce the judgment against the State Defendants and those incurred defending against Defendant Cuer's appeal. See Small, 2021 WL 1723679, at *2. Small's supplemental submission

1

narrows her request to fees and costs attributable to those two areas.  (See Docket No. 260.)  Having reviewed that submission, this Court makes the following findings.

First, this Court previously fixed the hourly rate for lead counsel Jennifer Shoemaker at $295/hour, for Attorney Alina Nadir at $250/hour, and for paralegals at $100/hour, and it continues to find those rates to be reasonable.  See Docket No. 228.

Second, accounting for mathematical errors,[1] non-compensable time,[2] and time billed by an attorney with only peripheral involvement,[3] this Court finds the following time expenditures to be reasonable: Shoemaker-132.3 hours; Nadir-258.9 hours; and Paralegal Maria Soeffing-2.5 hours.  Of Shoemaker's time, 24.5 hours are recoverable against the State Defendants, and 107.8 hours are recoverable against Defendant Cuer.  Of Nadir's time, 38.5 hours are recoverable against the State Defendants, and 220.4 hours are recoverable against Defendant Cuer.  All of Soeffing's time is recoverable against Defendant Cuer.

Applying the reasonable hourly rates to the hours reasonably expended, this Court finds that Small is entitled to recover fees from the State Defendants in the total amount

---

[1] See Affirmation of Jennifer A. Shoemaker ("Shoemaker Aff."), Docket No. 260, Exhibit A, p. 2 (05/29/2019 entry by A. Nadir billing 1.6 hours total but attributing 1.3 hours to Cuer and 1.3 hours to DOCCS), p. 15 (05/19/2020 entry by J. Shoemaker billing 3.6 hours total but attributing 4.0 hours to Cuer and .5 hours to DOCCS).

[2] See Shoemaker Aff., Exhibit A, p. 2 (05/29/2019 entry by A. Nadir billing 1.3 hours to DOCCS without any indication that time was attributable to enforcing judgment).

[3] Small seeks recovery for time expended by Jillian K. Farrar, Esq., who was only peripherally involved as evidenced by her billing of only 2.0 hours in this matter.  See Shoemaker Aff., Exhibit A, pp. 3, 7, 8, 14 (seeking reimbursement for 2.0 hours billed by Jillian K. Farrar).  Awarding fees for such time is not reasonable.  See, e.g., Costa v. Sears Home Improvement Prods. Inc., 212 F. Supp. 3d 412, 426 (W.D.N.Y. 2016) (disallowing as unreasonable fees for individuals only tangentially involved, ranging from an individual who billed .7 hours to one who billed 28.3 hours).

of $16,852.50 ($7,227.50 for Shoemaker; $9,625 for Nadir) and from Defendant Cuer in the total amount of $87,151 ($31,801 for Shoemaker; $55,100 for Nadir; $250 for Soeffing).

As it pertains to Small's request for costs, Shoemaker attests that but for a $100.19 belated trial witness fee attributable to the State Defendants, all costs—$5,360.91, consisting mostly of online research—pertain to Small's defense of Defendant Cuer's appeal.  (See Affirmation of Jennifer A. Shoemaker ("Shoemaker Aff."), Docket No. 260, ¶¶ 7-9 and Exhibit B.)  This Court finds these costs to be reasonable and sufficiently substantiated and will therefore assess them against Defendant Cuer as requested.

Consequently, having thoroughly reviewed Small's unopposed request for supplemental attorneys' fees and costs, this Court will award an additional $16,852.50 in attorneys' fees and $100.19 in costs against the State Defendants, and an additional $87,151 in attorneys' fees and $5,360.91 in costs against Defendant Cuer.

IT HEREBY IS ORDERED, that Plaintiff Pamela Small is awarded $16,852.50 in supplemental attorneys' fees and $100.19 in supplemental costs against the State Defendants for the period of April 23, 2019, through May 21, 2020.

FURTHER, that Plaintiff Pamela Small is awarded $87,151 in supplemental attorneys' fees and $5,360.91 in supplemental costs against Defendant Cuer for the period of April 23, 2019, through May 21, 2020.

SO ORDERED.


Dated: July 21, 2021
       Buffalo, New York

                                             <u>s/William M. Skretny</u>
                                              WILLIAM M. SKRETNY
                                             United States District Judge